ACCEPTED
04-14-00606-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/29/2015 4:54:37 PM
KEITH HOTTLE
CLERK

CASE NO. 04-14-00606-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/29/2015 4:54:37 PM
KEITH E. HOTTLE
Clerk

ARGO GROUP US, INC., COLONY MANAGEMENT SERVICES, INC., COLONY INSURANCE COMPANY, COLONY NATIONAL INSURANCE COMPANY, COLONY SPECIALTY INSRUANCE COMPANY, COLONY AGENCY SEVICES, INC.A ND ARGO GROUP INTERNATIONAL HOLDINGS, LTD.

Appellants,

v.

LOUIS D. LEVINSON, INTERNATIONAL FINANCIAL GROUP, INC., GUILFORS SPECIALTY GROUP, INC., GUILFORD INSURANCE COMPANY, AND THE BURLINGTON INSURANCE COMPANY,

Appellees.

Appeal from the 221st Judicial District Court, Bexar County, Texas
Trial Court Cause No. 2014-CI-09550
Hon. Antonia Arteaga, Presiding

## MOTION FOR REHEARING

TO THE HONORABLE COURT OF APPEALS:

Appellants, Argo Group US, Inc., Colony Management Services, Inc.,

Colony Insurance Company, Colony National Insurance Company, Colony

Specialty Insurance Company, Colony Agency Services, Inc., and Argo Group

1

465955v1
65397.00115

International Holdings, LTD. (collectively, "Appellants" or "Argo"), as their Motion For Rehearing pursuant to Tex. R. App. P. 49, state as follows:

On January 14, 2015, this Court entered a Memorandum Opinion dismissing this appeal as moot. The Court rested its decision on the expiration of the applicable noncompetition covenant and declined to consider the common law equitable extension remedy, asserting that Appellants failed to expressly make such a request to the trial court and that "this court may not reform a covenant that is no longer in effect." Appellants respectfully contend that the Court's conclusions are not in keeping with the record below or controlling law.

Appellants ask that the Court reconsider its holding and request rehearing because (a) under Texas law, the expiration of a restrictive covenant does not moot a request for an equitable extension of the covenant; (b) Appellants did request an extension of the restrictive covenant in the trial court, and (c) Appellants request an equitable extension of the covenants, not a reformation of them, which is a crucial distinction reflected in Texas common law that changes the outcome of the issue on appeal.

A.    **The issue is not moot.**

The Fifth Circuit has addressed mootness in the context of an expired restrictive covenant. *See Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). Specifically, in assessing whether the equitable extension of

2

an expired restrictive covenant was proper under Texas law, the Fifth Circuit held that "[t]he expiration of the one-year contract limit does not make this issue moot." *Id.* Accordingly, the "court has the power under Texas law to craft an injunction that extends beyond the expiration of the [restrictive] covenant." *Id.*

Courts applying Texas law repeatedly have extended the terms of expired restrictive covenants. *See, e.g., Guy Carpenter*, 334 F.3d at 464; *Travelhost, Inc. v. Modglin*, 2012 WL 2049321, *6 (N.D. Tex. June 6, 2012) (equitably extending an expired non-competition covenant based on defendant's "continuous and persistent" violations on the non-compete); *Safeworks, LLC v. Max Access, Inc.*, 2009 WL 959969, *6 (S.D. Tex. April 8, 2009) (holding that a "request for injunctive relief is not rendered moot merely by expiration of the originally proscribed [restrictive covenant] period"); *see also Rimkus Consulting Grp., Inc. v. Budinger*, 2001 WL 619067, *3 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (not designated for publication) (affirming the validity of a reformed noncompetition covenant, despite implementation by the court after expiration of the original covenant).

Even when Texas courts *deny* an equitable extension request, the ruling is based on a legal and factual analysis of the applicability of the equitable extension principle, not the mootness doctrine. *See, e.g., RenewData Corp. v. Strickler*, 2006 WL 504998, *5 (Tex. App.—Austin 2006, no pet.) (denying the equitable

3

465955v1
65397.00115

extension of an expired restrictive covenant because delays in enforcement of the covenant were attributable to plaintiff).

The two cases underlying the Court's conclusion that Appellants' claim for injunctive relief is moot do not warrant that conclusion. First, the *Rimes* case erroneously interpreted the decision *Weatherford Oil Tool Co. v. Campbell*, 340 S.W.2d 950 (1960).[1] *See Rimes v. Club Corp. of Am.*, 542 S.W.2d 909, 912 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.). *Weatherford Oil* exclusively pertains to the "reformation" of a restrictive covenant after the covenant's expiration, which is a legally distinct principle from the "equitable extension" of a restrictive covenant. *See Weatherford Oil*, 340 S.W.2d at 952.

The distinction is critical: whereas the "reformation" of a restrictive covenant is a legal remedy that either *shortens* the length or *limits* the geographical range of an overly burdensome covenant, the "equitable extension" of a restrictive covenant is an equitable remedy employed by courts to *prolong* a covenant that was unfairly shortened or rendered ineffective by events beyond the control of the requesting party. With that distinction in mind, it is readily apparent why it would be a moot issue to *reform* an already expired restrictive covenant by shortening its length or limiting its range. Conversely, in situations where one party did not receive the benefit of its bargain under a restrictive covenant—as occurred in the

---

[1] Perhaps a result, the *Rimes* case has not been relied upon or otherwise cited in conjunction with any equitable extension case since the decision was published in 1976.

465955v1
65397.00115

case at bar—an equitable extension of the restrictive covenant is a ripe controversy for the court to rule upon.

The second case on which the Court relied—*In re AutoNation, Inc.*, 228 S.W.3d 663, 669 n. 28 (Tex. 2007) (orig. proceeding)—also does not render Appellants' claim for an equitable extension moot. *AutoNation* arose in mandamus from a forum-selection clause dispute. In it, the Texas Supreme Court determined that a lawsuit involving a non-competition agreement violation should be tried in Florida pursuant to the underlying contract, rather than in Texas where the employee worked. *AutoNation*, 228 S.W.3d at 669. In a footnote, the *AutoNation* court pondered the hypothetical implications of its forum-selection clause ruling upon a nonparty, which could potentially face procedural obstacles if the nonparty chose to pursue potential future relief related to the Florida lawsuit. In the same footnote—perhaps to ease its mind about the hypothetical implications of its ruling—the court notes that the pertinent one-year non-compete agreement had expired, meaning that any hypothetical action imagined by the court is moot *as to the nonparty.* Id. at 669 n.28 ("To the extent that [the nonparty] ever had standing to challenge the validity of the non-compete agreement, that challenge is now

465955v1
65397.00115

moot.").[2] *AutoNation* has nothing to do with the equitable extension of restrictive covenants, and the case is irrelevant to this appeal.

In sum, the expiration of the term of the pertinent noncompetition clause does not moot the issues before this Court. Accordingly, Appellants request a rehearing for the Court to decide this appeal on its merits.

## B. Equitable extension was requested in the trial court.

Throughout the proceedings below, Appellants clearly and repeatedly articulated their request that the trial court extend the term of Appellee Levinson's noncompetition covenant. *See, e.g.,* R.R. vol. 1 at 61; vol. 5 at 44-45. First, Appellants expressly made a request to extend the pertinent restrictive covenants in the body of their Original Petition, wherein Appellants requested a temporary and permanent injunction preventing Appellee Levinson from conducting activities in the future that were prohibited by his restrictive covenants with Appellants. C.R. 23-24. In the Original Petition, Appellants alleged that Levinson "persistently and

---

[2] In its entirety, the footnote reads: "The parties briefed the issue of whether [the non-party] is bound by the forum-selection clauses. Our instant concern is whether [the non-party] can independently pursue this declaratory judgment suit in Texas even if [the defendant in the Florida litigation] is compelled to litigate the enforceability of the non-compete agreement in Florida, or whether instead the entire suit should be dismissed. The one-year period for the non-compete covenant has now expired. To the extent that [the non-party] ever had standing to challenge the validity of the non-compete agreement, that challenge is now moot. [Plaintiff] has asserted no claims against [the non-party] in either the Texas or Florida action. The dispute is not moot as to [the defendant], however, as the issue of damages for alleged breach of the agreement remains. The Florida suit includes a claim for damages against [the defendant], and as described above the Texas suit has enjoined [the Plaintiff] from attempting to enforce the non-compete agreement." *AutoNation,* 228 S.W.3d at 669 n.28

465955v1
65397.00115

continuously" violated his restrictive covenants with Appellants, thus invoking one legal standard for equitable extension under Texas law. C.R. 22-26; *See, e.g., Farmer v. Holley*, 237 S.W.3d 758, 761 (Tex. App.—Waco 2007, pet. denied). There were no exceptions taken to these allegations.

Further, the issue of equitable extension was tried during the temporary injunction hearing. From opening statements through closing arguments, Appellants argued for the extension of the term of Levinson's restrictive covenants.[3] For example, during closing arguments, Appellants' counsel stated:

> When we started Thursday, the argument was Your Honor didn't have the power to issue an equitable extension. I think that's now resolved. I don't hear any argument that Your Honor lacks the power to extend.

R.R. vol. 5 at 44-45. Appellants' counsel then went through an analysis of equitable extension jurisprudence. R.R. vol. 5 at 45-48. Furthermore, Appellees acknowledged on the record that Appellants were, in fact, making such a request, and Appellees made legal arguments related to the equitable extension standard. R.R. vol. 5 at 22-23.

Appellants unquestionably requested an extension of Appellee Levinson's restrictive covenants during the temporary injunction hearing and in the Original

---

[3]    In support of their arguments, Appellants filed a Memorandum of Law Regarding Equitable Extension of Restrictive Covenants, a copy of which is attached hereto as Exhibit A. This pleading was omitted from the Clerk's Record, and Appellants will file a motion to supplement the record in order to include it therein.

465955v1
65397.00115

Petition. Accordingly, the statement that this issue was not raised below is erroneous.

## C. Appellants seek equitable extension, not reformation.

In support of its dismissal of the appeal as moot, this Court cites *Weatherford Oil* for the proposition that "the court may not reform a covenant that is no longer in effect." Order at 3 (citing *Weatherford Oil*, 340 S.W.2d at 952). However, that decision does not control here because Appellants requested an "equitable extension" of enforceable restrictive covenants, not the reformation of an unenforceable covenant in a manner that would render it enforceable.

"Equitable extension" and "reformation" are two distinct legal principles. The former, equitable extension, is an equitable remedy used to extend the duration of a restrictive covenant that was breached, thereby depriving the employer of the benefit of its bargained-for covenant. *See, e.g., Guy Carpenter*, 334 F.3d at 464. Conversely, reformation is a remedy that either shortens the length of a restrictive covenant or limits its geographical range in order to render it enforceable. *See, e.g., John R. Ray & Sons, Inc. v. Stroman*, 923 S.W.2d 80, 85 (Tex. App.— Houston [14th Dist.] 1996, writ denied).

There is no indication in *Weatherford Oil* that the employer sought an equitable extension of an enforceable noncompetition covenant. Instead, the court considered an unenforceable covenant that the employer sought to reform in order

8

to support a cause of action for damages. The Texas Supreme Court declined to reform and thereby render enforceable an expired covenant, reasoning that a claim for damages must stand or fall on the contract's unreformed language. *Weatherford Oil*, 340 S.W.2d at 952-53. A proper reading of the case is that "[t]he Texas Supreme Court has indicated that the issue of reformation becomes moot after the term of the noncompetition covenant has expired." *Sadler Clinic Ass'n, P.A. v. Hart*, 403 S.W.3d 891, 899 (Tex. App.—Beaumont 2013, pet. denied). That is hardly the same thing as saying that a claim for equitable extension of an enforceable covenant evaporates when the originally agreed-upon (but ignored) term of the covenant ends.

*Weatherford Oil* does not control here because Appellants do not seek reformation of an allegedly unenforceable covenant. Instead, Appellants seek an extension of restrictive covenants based on their breach, which denied Appellants the benefit of Appellee Levinson's contractual commitments. While it makes sense not to shorten the duration or reduce the geographic scope of an expired covenant, that cannot be said of a request that the duration of a covenant be extended, even if the covenant expires while litigation over its extension is underway.

*Rimes*, which erroneously relies on *Weatherford Oil* when equitable extension was the remedy sought, is similarly inapplicable. Plainly, the

465955v1
65397.00115

reformation issue discussed in *Weatherford Oil* and the equitable extension issue addressed in *Guy Carpenter, et al.* are dissimilar. *See Sadler Clinic*, 403 S.W.3d at 898 (recognizing that *Weatherford Oil* does not address equitable extension).

For the reasons stated, Appellants request that this Court reconsider its order dismissing the appeal as moot.

Respectfully submitted,

Jonathan D. Pauerstein
State Bar No. 15637500
Stephen K. Lecholop II
State Bar No. 24070119
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 East Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034
jpauerstein@rpsalaw.com
slecholop@rpsalaw.com

**ATTORNEYS FOR
APPELLANTS**

10

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing document was served on each person listed below by facsimile and in accordance with the Texas Rules of Appellate Procedure on January 29, 2015:

Julia Mann
Jackson Walker L.L.C.
112 E. Pecan St., Suite 2400
San Antonio, Texas 78205
Fax: (210) 242-4646

Anthony Herman
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Fax: (202) 778-5280

Lawrence Morales II
The Morales Law Firm, P.C.
115 E. Travis #1530
San Antonio, Texas 78205
Fax: (210) 501-0786

_____
Stephen K. Lecholop II

11

465955v1
65397.00115